UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JOHN FREDRICK GARDNER,

    Plaintiff,

vs.

**JURY TRIAL DEMANDED**

GRANFORNO 1, INC, d/b/a GRAN
FORNO PRONTO, a Florida corporation,
PRONTO 1, INC. d/b/a GRAN FORNO
PRONTO, a Florida corporation, and
LEONE PADULA, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, JOHN F. GARDNER, files this Complaint for Damages against Defendants, GRANFORNO 1, INC, d/b/a GRAN FORNO PRONTO, (hereinafter "GRANFORNO 1"), a Florida corporation, PRONTO 1, INC. d/b/a GRAN FORNO PRONTO, (hereinafter "PRONTO 1"), a Florida corporation, and LEONE PADULA, an individual, and states:

## INTRODUCTION

1. This is an action to recover monetary damages in the form of unpaid overtime and minimum wages, and to redress the deprivation of rights secured to Plaintiff by the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA"), the Florida Minimum Wage Amendment, Fla. Const. Art. X, §24, and the Florida Minimum Wage Act, Fla. Stat. 448.110, (collectively, the "FMWA).

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §201 *et seq.,* 29 U.S.C. 216(b), and 28 U.S.C. §§1331 and 1367.

3. At all times pertinent to this Complaint, the corporate Defendant, PRONTO 1 was an enterprise engaged in interstate commerce.

4. At all times pertinent to this Complaint, the corporate Defendant, GRANFORNO 1 was an enterprises engaged in interstate commerce.

5. At all times pertinent to this Complaint, Defendants regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

6. At all times during Plaintiff's employment with the Defendants, the Defendants employed at least two or more employees who were engaged in interstate commerce, or who were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any other person.

7. During the relevant time period, Defendants' business consisted of restaurant which serves food and beverages. Plaintiff's work and the work of other employees involved handling on a regular and recurrent basis "goods" or "materials" that were used commercially in Defendants' business, and that moved in interstate commerce. Specifically, the Plaintiff and other employees regularly and recurrently handled food, drinks and other goods or materials which were originally manufactured outside the State of Florida.

8. Upon information and belief, during the relevant time period, the GRANFORNO 1 had an annual gross volume of sales made or business done of not less than $500,000.

9. Upon information and belief, during the relevant time period, the PRONTO 1 had an annual gross volume of sales made or business done of not less than $500,000.

10. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

11. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

12. The venue is proper in the United States District Court for the Southern District of Florida based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida;

   b. At all times material hereto, Defendants were and continue to be Florida corporations and an individual doing business within this judicial district.

   c. Defendants employed Plaintiff in the Southern District of Florida.

## STATEMENT OF FACTS

13. At all times material hereto, Plaintiff was a resident living within the Southern District of Florida.

14. The Plaintiff, GARDNER, was employed by Defendants as a server from about August 2012 until about mid-May 2019. The Plaintiff also performed some management duties on some shifts.

15. During the relevant period, Plaintiff was an "employee" of the Defendant GRANFORNO 1 within the meaning of the FLSA, and within the meaning of Fla. Const. Art. X, §24, which adopts the FLSA's definition of "employee."

16. During the relevant period, Plaintiff was an "employee" of the Defendant PRONTO 1 within the meaning of the FLSA, and within the meaning of Fla. Const. Art. X, §24, which adopts the FLSA's definition of "employee."

17. During the relevant period, Plaintiff was an "employee" of the Defendant PADULA within the meaning of the FLSA, and within the meaning of Fla. Const. Art. X, §24, which adopts the FLSA's definition of "employee."

18. During the relevant period, Defendant, GRANFORNO 1 did business as GRAN FORNO PRONTO.

19. During the relevant period, Defendant, PRONTO 1 did business at GRAN FORNO PRONTO.

20. During the relevant period, GRAN FORNO PRONTO was a restaurant that engagesd in the transaction of business at 704 E Las Olas Blvd, Fort Lauderdale, Broward County, Florida.

21. The Plaintiff's job duties at GRAN FORNO PRONTO included interacting with customers and selling food and beverages.

22. Defendants paid Plaintiff, GARDNER a reduced wage for some, but not all, of his work hours. Defendants paid the Plaintiff no wages for some of his work hours.

23. At times, the Plaintiff was asked not to clock in for his shift until he took his first customer order.

24. Defendants also did not pay the Plaintiff wages for all his recorded work time.

25. Defendant, PADULA was a supervisor, owner, and manager who was involved in the day-to-day operations GRAN FORNO PRONTO and/or was directly responsible for the supervision of Plaintiff.

26. Decisions of significance regarding the corporate Defendants' operations went through Defendant, PADULA.

27. Defendant, PADULA was directly involved in decisions related to the wages of the Plaintiff and/or hours worked by the Plaintiff.

28. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA and/or the Florida Constitution, Art. X, §24.

29. At all times material hereto, Defendants conducted substantial and continuous business in the Southern District of Florida.

30. At all times material hereto, Defendant PADULA was and continues to be an "employer" within the meaning of the FLSA and the Fla. Const. Art. X, §24 and Fla. Stat. §448.110, which adopt the FLSA's definition of "employer."

31. At all times material hereto, Defendant PRONTO 1 was and continues to be an "employer" within the meaning of the FLSA and the Fla. Const. Art. X, §24 and Fla. Stat. §448.110, which adopt the FLSA's definition of "employer."

32. At all times material hereto, Defendant GRANFORNO 1 was and continues to be an "employer" within the meaning of the FLSA and the Fla. Const. Art. X, §24 and Fla. Stat. §448.110, which adopt the FLSA's definition of "employer."

33. On or about September 5, 2019, the Plaintiff mailed a letter pursuant to Fla. Stat. §448.110(6) notifying Defendants of his Florida minimum wage claims.

34. Prior to filing this lawsuit, the Plaintiff also notified Defendants of his overtime wage claims.

35. The Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived or are inapplicable.

36. The Plaintiff has retained Bober & Bober, P.A. to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

## STATEMENT OF CLAIMS

### COUNT I

### VIOLATION OF FLSA, 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

37. The Plaintiff re-alleges Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. The Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

39. The FLSA, 29 U.S.C. §206 requires that any non-exempt employee covered by the FLSA be paid a minimum wage.

40. During the Plaintiff's employment, the Plaintiff was an hourly paid, "tipped" employee.

41. During the Plaintiff's employment, he received tips from customers.

42. During the Plaintiff's employment, Defendants failed to pay the Plaintiff a direct wage for all hours worked, causing his wage to fall below the applicable federal minimum wage for some hours.

43. The Defendants are required to compensate Plaintiff with at least the full FLSA minimum wage for all unpaid hours worked.

44. As a result of Defendants' disregard of the FLSA, the Plaintiff is entitled to liquidated damages pursuant to the FLSA.

45. Defendants knew of and/or showed a willful and reckless disregard for the provisions of the FLSA concerning the payment of minimum wages to the Plaintiff.

WHEREFORE, the Plaintiff respectfully requests judgment in his favor:

   a. finding that, during the relevant period, Defendants violated the FLSA's minimum wage requirements;

   b. finding that the Defendants acted willfully in violating the FLSA's minimum wage requirements;

   c. awarding all unpaid minimum wages due or payable to Plaintiff;

   d. awarding an equal amount in liquidated damages;

   e. awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   f. awarding post-judgment interest; and

   g. awarding all other and further relief this Court deems to be just and proper.

## COUNT II
### MINIMUM WAGE CLAIM PURSUANT TO
### FLA. CONST. ART. X, §24 & FLA. STAT. §448.110

46. The Plaintiff re-alleges Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

47. The Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the Florida minimum wage.

48. The Fla. Const. Art. X, §24 and Fla. Stat. §448.110, ("FMWA"), require that any non-exempt employee covered by the FMWA be paid a minimum wage.

49. During the Plaintiff's employment, the Plaintiff was an hourly paid, "tipped" employee.

50. During the Plaintiff's employment, he received tips from customers.

51. During the Plaintiff's employment, Defendants failed to pay the Plaintiff a direct wage for all hours worked, causing his wage to fall below the applicable Florida minimum wage for some hours.

52. Defendants are required to compensate Plaintiff with at least the full Florida minimum wage for all unpaid hours worked.

53. As a result of Defendants' disregard of the FMWA, the Plaintiff is entitled to liquidated damages pursuant to the FMWA.

54. Defendants knew of and/or showed a willful and reckless disregard for the provisions of the FMWA concerning the payment of minimum wages to the Plaintiff.

55. As a result of Defendants' disregard of the Article X, §24 of the Florida Constitution, Plaintiff is entitled to liquidated damages pursuant to the FMWA.

WHEREFORE, the Plaintiff respectfully requests enter judgment in his favor:

a. finding that, during the relevant period, Defendants violated the FMWA's minimum wage requirements;

b. awarding all unpaid minimum wages due or payable to the Plaintiff;

c. awarding an equal amount in liquidated damages;

d. awarding reasonable attorney's fees and costs and expenses of this litigation pursuant to the FMWA;

e. awarding post-judgment interest; and

f. awarding all other and further relief this Court deems to be just and proper.

## **COUNT III**

### **VIOLATION OF FLSA, 29 U.S.C. § 207 (UNPAID OVERTIME)**

56. The Plaintiff, GARDNER repeats and re-alleges Paragraphs 1 through 36 as if fully set forth herein.

57. The Plaintiff, GARDNER'S employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

58. During the Plaintiff, GARDNER'S employment, he worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half the applicable hourly rate for his overtime hours.

59. Due to the unlawful acts of the Defendants, Plaintiff, GARDNER has suffered damages for unpaid overtime wages, and is entitled to an equal amount as liquidated damages.

60. Defendants knew of and/or showed a willful and reckless disregard for the provisions of the FLSA concerning the payment of overtime wages to the Plaintiff.

61. The Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, GARDNER respectfully requests that judgment be entered in his favor against the Defendants for unpaid overtime:

    a. finding the Defendants violated the FLSA's overtime provisions of 29 U.S.C. §207;

    b. finding Defendants acted willfully in violating the FLSA's overtime provisions;

    c. awarding the Plaintiff overtime compensation in the amount calculated;

    d. awarding the Plaintiff liquidated damages in the amount calculated;

    e.    awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    f.    Awarding the Plaintiff post-judgment interest; and

    g.    Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 23, 2019.

Respectfully submitted,

By: <u>Samara Robbins Bober</u>
SAMARA ROBBINS BOBER
FBN: 0156248
samara@boberlaw.com
PETER BOBER
FBN: 0122955
peter@boberlaw.com
BOBER & BOBER, P.A.
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
*Attorney for Plaintiff*