UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-62645-SINGHAL

JOHN FREDRICK GARDNER,

       Plaintiff,

vs.

PRONTO 1, INC. d/b/a GRAN FORNO
PRONTO, a Florida corporation, and
LEONE PADULA, an individual,

       Defendants.
_____/

### JOINT MOTION FOR APPROVAL OF
### SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, JOHN FREDRICK GARDNER ("Plaintiff"), and Defendants, PRONTO 1, INC. d/b/a GRAN FORNO PRONTO and LEONE PADULA ("Defendant") (collectively "the Parties"), jointly request that this Court approve the terms of the Parties' settlement in the above-captioned matter. In support the Parties state as follows:

    **I.**    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First, 29 U.S.C. 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also*

*Sculte, Inc. v. Gandi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his former employers, which was adversarial in nature. The Parties jointly represent that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendants to properly evaluate the Parties' claims and defenses, and make recommendations regarding the resolution of this matter.

The Parties agree that the instant action involves disputed issues regarding the number of Plaintiff's unpaid minimum wages and overtime hours and the damages potentially available to Plaintiff. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendants discussed, at length, the Plaintiff's alleged unpaid wages, the applicability of defenses, evidence in support of the Parties' respective claims and defenses, and the calculation of damages. The Plaintiff also filed

a Statement of Claim and Defendants filed a Response to the Statement of Claim. The Parties then engaged in settlement discussions that spanned several weeks based upon their respective calculations. Contemporaneously, the Parties engaged in discovery with the Plaintiff producing numerous time records, pay records, and checkout slips, and propounding discovery requests on Defendants. The Parties then voluntarily agreed to the terms of their settlement at the conclusion of their negotiations.

## II.  Terms of Settlement

This case involves a claim for alleged unpaid minimum wages and overtime wages. One of the central allegations of the case was that the Plaintiff worked many hours for which he received no wages, and only earned tips for such worktime. The Defendants vigorously disputed the number of hours the Plaintiff claimed to be owed, and maintained he was owed significantly less. Moreover, the Plaintiff's calculation in the Statement of Claim were based on the Plaintiff receiving the full minimum wage and overtime rate for unpaid hours, while the Defendants maintained that they would still be entitled to a $3.02 per hour tip credit for any unpaid hours. Had Defendants prevailed on their defenses that the Plaintiff worked significantly less unpaid hours and that they are entitled to a tip credit for any unpaid hours, the Plaintiff's alleged damages would be significantly reduced. The Parties agree that they would incur great expense litigating these issues. Moreover, the Plaintiff preferred to discount the amount owed in exchange for being paid sooner, rather than waiting for the conclusion litigation of this matter. The Agreement also included mutual general releases of claims, pursuant to which both the Plaintiff and Defendants are receiving a general release of claims. Plaintiff's attorney's fees and costs have been negotiated and will be paid separately from Plaintiff's recovery. Counsel for Plaintiff and Defendants further stipulate that the amount recovered in attorneys' fees and costs is fair and reasonable. The fees

were incurred in litigating this matter at an hourly rate of $400 per hour. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement. Given the amount claimed, the defenses, the expense and delay of continued litigation, and the possibility of the Plaintiff recovering less than he claims he's owed, the Parties agree have agreed that the settlement represents a fair compromise under *Lynn's Food Stores*.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. The proposed Settlement Agreement is attached hereto as Exhibit 1 for the Court's review and consideration.

**WHEREFORE, t**he Parties jointly and respectfully request that this Court approve the settlement between the Parties, dismiss the instant action with prejudice, and retain jurisdiction to enforce the settlement Agreement. A proposed order approving the settlement is attached hereto.

Dated: February 10, 2020

Respectfully submitted,

| | |
|---|---|
| SAMARA ROBBINS BOBER<br>FBN: 0156248<br>PETER BOBER<br>FBN: 0122955<br>BOBER & BOBER, P.A.<br>2699 Stirling Road, Suite A-304<br>Hollywood, FL 33312<br>(954) 922-2298 (phone)<br>(954) 922-5455 (fax)<br>peter@boberlaw.com<br>samara@boberlaw.com<br>*Attorneys for Plaintiff* | KELSEY BLACK<br>FBN: 078925<br>BLACK LAW P.A.<br>1401 E. Broward Boulevard<br>Suite 204<br>Fort Lauderdale, FL 33301<br>Phone: (954) 320-6220<br>Fax: (954) 320-6004<br>Kelsey@kkbpa.com<br>*Attorney for Defendants* |