# EXHIBIT 1

# CONFIDENTIAL SETTLEMENT AGREEMENT AND
# WAIVER AND RELEASE OF CLAIMS

Employee, JOHN FREDRICK GARDNER ("Employee"), and Employer, PRONTO 1, INC. d/b/a GRAN FORNO PRONTO and LEONE PADULA, (hereinafter referred to as "Employer") (Employee and Employer, collectively the "Parties"), hereby agree upon this Settlement Agreement (the "Agreement") as a settlement of all issues involved herein as follows:

WHEREAS, Employee initiated a lawsuit for unpaid wages and overtime compensation against Defendants in the matter styled John Frederic Gardner v. Pronto 1, Inc. and Leone Padula, Case No. 0:19-cv-62645 (S. D. Fla. 2019) (the "Lawsuit" or "Lawsuit"); and

WHEREAS, Defendants deny each and every allegation alleged by Plaintiff against Defendants in the Lawsuit; and

WHEREAS, the Parties desire to resolve fully and finally the Lawsuit in an amicable manner without the difficulties and expenses involved in further litigation, and further, the Parties wish to set forth their complete agreement and release of claims.

**1.** The Parties adopt and incorporate the terms of the above whereas recitals as if fully set forth herein as substantive terms of this Agreement.

**2.** **No Admission of Liability**. The Parties hereto recognize and agree that Employer, as a part of this Agreement between the Parties, denies any wrongdoing or any violation of law or any liability to Employee or to anyone else arising out of or relating to the matters set forth in this matter, or Employee's employment relationship with Employer.

**3.** **Consideration**. Employer acknowledges and agree that they shall pay Employee the sum total of **Fifty Thousand Dollars ($50,000.00)** (comprised as $18,825 for alleged unpaid wages, $18,825 for alleged liquidated damages, and $12,350 for attorneys' fees and costs) within 10 calendar days of the Court's dismissal of this action. The settlement sum shall be delivered to Employee's counsel at Bober & Bober, P.A., 2699 Stirling Road, Suite A-304, Hollywood, Florida 33020. The check attributable to wages shall be made payable to John Gardner with applicable payroll tax withholding deductions itemized on the paystub.

Employee agrees and acknowledges that payment of the Settlement Sum as set forth above shall constitute effective and sufficient consideration, receipt of which Employee hereby acknowledges for this Settlement Agreement.

**4.** **Mutual General Release of Claims.**  In exchange for the amounts referenced in Section 3 above and the promises made in this Agreement:

a. Employer knowingly and voluntarily releases all claims of any kind, at law or equity, that it or he may have against Employee, known or unknown, from the beginning of the world until the effective date of this Agreement.

Doc ID: 303cdebb024e67c3e05a478fa394fd6fdd390873

b.  Employee knowingly and voluntarily releases and forever discharges Employer, its insurers, subsidiaries, affiliates, divisions, successors, and assigns, and their respective affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, accountants, officers, directors, shareholders, partners, managers, owners, and agents thereof, both individually and in their business capacities, (hereafter collectively referred to as "Releasees") of and from any and all claims that Employee has or may have, known or unknown, from the beginning of the World until the effective date of this Agreement, including, but not limited to, any alleged violation of:

- The Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., as amended;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Age Discrimination in Employment Act of 1967 ("ADEA"), as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Consolidated Omnibus Reconciliation Act;
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Family and Medical Leave Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Fair Credit Reporting Act;
- The Florida or United States Constitutions;
- Florida Civil Rights Act of 1992, Fla. Stat. §760.01 et seq.;
- Florida Private Whistle Blower Protection Act, Fla. Stat §448.101 et seq.;
- Florida Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Fla. Stat. §440.205;
- Florida Wage Discrimination Law, Fla. Stat. §448.07;
- Florida Equal Pay Law, Fla. Stat. §725.07 and Fla. Stat. §448.007;
- Florida AIDS Act, Fla. Stat. §110.1125, §381.00 and §760.50;
- Florida Discrimination on the Basis of Sickle Cell Trait Law, Fla. Stat. §448.075 et seq.;
- Florida OSHA – Fla. Stat. §442.018(2);
- Florida Wage Payment Laws, Ch. 448 Fla. Stat., including, without limitation, §448.01, §448.07, §448.08, and §448.10;
- Florida's Preservation and Protection to Keep and Bear Arms in Motor Vehicles Act of 2008;
- Florida Domestic and Sexual Violence Leave Act;
- Florida Reemployment Assistance Program Law;
- any other federal, state, or local civil or human rights law or any other local, state, or federal law, regulation or ordinance;
- any public policy, contract (oral or written, express or implied), tort, or common law; or

2

- any claim for injunctive relief, costs, fees, or other expenses, including attorney's and expert witness fees, incurred in these matters.

c. The foregoing list is meant to be illustrative rather than exhaustive. Employee acknowledges, agrees and understands that this release is the full and final bar to any and claims of any type that he had or may now have against Employer through the date he signs this Agreement.

Notwithstanding the foregoing, nothing herein limits Employee's right to testify, assist, cooperate with, or participate in any investigation, hearing, or proceeding conducted by the United States Equal Employment Opportunity Commission (EEOC) under the Age Discrimination in Employment Act (ADEA), Title VII of the 1964 Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act of 2008 (GINA), or the Equal Pay Act (EPA), or by any state or municipal agency with jurisdiction over similar employment discrimination statutes or ordinances. To the extent permitted by law, Employee agrees that if such an administrative claim is made subsequent to his execution of this Agreement and General Release, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

**5. Signing of Agreement.** The Employer agrees to fully execute this Agreement on or before February 4, 2020.

**6. Employee's Responsibility for Taxes**. Employee assumes responsibility for and holds Employer harmless for the payment of any and all of the Employee's share, but not the Employer's share, of federal, state, and local taxes, penalties, or contributions which may hereafter be imposed or required to be paid by Employee under any federal or state laws of any kind, with respect to the Settlement Sum paid by Employer to Employee pursuant to the terms of this Settlement Agreement between the Parties. Employer shall issue the appropriate tax forms related to the Settlement Sum.

Employee acknowledges that Employer makes no warranty concerning tax treatment of any sums paid hereunder and that Employee had not relied upon any such warranty. Employee agrees that he had the opportunity to consult with a tax professional, if he so chooses, regarding the tax treatment of the Settlement Amount.

**7. Confidentiality:**

a. This Agreement and the terms hereof shall not be disclosed to any third party and shall remain forever confidential. Employee agrees that he will not voluntarily assist or participate with others in bringing any type of claim against Employer, or any of Employer's related entities such as GranForno 1, Inc. Employee understands that this a material term of this Agreement.

b. Except as may be required by law or court order, neither Party nor any of its representatives, shall disclose to any person or entity any information whatsoever regarding the manner by which this matter ended other than to say that the "matter has been resolved." This

3

restriction does not preclude the disclosure of such information by Employee to any attorneys, accountants, and/or professional tax advisers with whom he chooses to consult or seek advice regarding their consideration of and decision to execute this Agreement, as long as Employee provides said attorneys, accountants and/or professional tax advisers with instructions to maintain the confidentiality provided herein.

**8.    Neutral Reference:** Employee agrees to refer any requests for an employment reference to Leone Padula. All such reference requests/calls will be responded to with a neutral employment reference consisting solely of information regarding the dates of Employee's employment and positions held. If a prospective employer asks if Employee is eligible for rehire, Employer shall state that it is the company's policy to confirm only dates of employment and positions held. Employer also shall provide Employee a neutral reference on company letterhead which confirms Employee's dates of employment and positions held.

**9.    Breach of Agreement.** In the event of a breach of this Agreement where any court action is commenced concerning enforcement of the provisions of this Agreement, the prevailing part in any such court action shall be entitled to an award of its reasonable attorneys' fees and all costs incurred in connection therewith as determined by the court in any such action. The Parties agree to request that the court retain jurisdiction to enforce this Agreement.

**10.    Governing Law**. This Agreement is to be construed and governed under the laws of the State of Florida, and shall bind the Parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable the remaining provisions shall continue in full force and effect notwithstanding. Employee acknowledges and represents that he has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

**11.    Important Acknowledgments**. It is further understood and agreed that the settlement sum and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties hereby represent and warrant that they have entered into this Agreement on their own free will and accord, and in accordance with their own judgment, and after consultation with their attorneys.

**12.    No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

**13.    No Modification Except in Writing**. This Agreement cannot be modified or changed except by writing, signed by the Parties, with specific reference to this Agreement.

Doc ID: 303cdebb024e67c3e05a478fa394fd6fdd390873

14. **Execution in Counterpart**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

15. **ADEA Compliance.** Employee specifically acknowledges that:

    a. he has been given at least twenty-one (21) full days within which to consider the Agreement;

    b. he is advised that he has the right and acknowledges he has consulted with an attorney prior to executing this Agreement;

    c. he has seven (7) days following the execution of this Agreement to revoke the Agreement and the Agreement will not become effective or enforceable until after this seven (7) day period has expired. To revoke the Agreement, Employee must advise the Defendants in writing of the election to revoke it within the seven (7) day period; such written notice must be addressed and delivered to: to Kelsey Black, Esq., Black Law, P.A., 1401 E Broward Blvd., Suite 204, Fort Lauderdale, Florida 33301.

    d. he is specifically releasing, among other claims, any claims under the Age Discrimination in Employment Act of 1967 and all amendments thereto;

    e. he is not waiving rights or claims that may arise after the date the Agreement is executed.

16. **Voluntary Agreement.** Employee and Employer understand, represent, and agree that they:
    a. Have carefully read and fully understand all of the provisions of this Agreement;
    b. Knowingly and voluntarily agree to all of the terms set forth in this Agreement;
    c. Knowingly and voluntarily intend to be legally bound by this Agreement;
    d. Were advised to consider and did consider the terms of this Agreement with counsel prior to executing this Agreement; and
    e. Are duly authorized and have full authority to execute this Agreement.

**Agreed and Accepted by:**

_____        _____ 02 / 03 / 2020
**LEONE PADULA**        Date              **JOHN F. GARDNER**        Date

**PRONTO 1, INC. d/b/a GRAN FORNO PRONTO**

By: _____
     LEONE PADULA        Date
As: _____

5